IN THE DISTRICT COURT OF COMANCHE COUNTY
STATE OF OKLAHOMA

FILED
COMANCHE COUNTY
2013 MAY 28  P 3: 39

| | | |
|---|---|---|
| (1) | CAMILLE BROWN, | ) |
| | | ) |
| | Plaintiff, | ) |
| | | ) CASE NO. |
| vs. | | ) JURY TRIAL DEMANDED |
| | | ) ATTORNEY LIEN CLAIMED |
| (1) | THE STATE OF OKLAHOMA ex rel. BOARD OF REGENTS FOR THE UNIVERSITY OF OKLAHOMA | ) |
| (2) | CAMERON UNVIVERSITY, | ) |
| | Defendants. | ) |

## AMENDED PETITION

COMES NOW Plaintiff, Camille Brown, through her counsel of record, David A. Warta of Smolen, Smolen & Roytman, PLLC, and brings this action against Defendants, The State of Oklahoma ex rel. Board of Regents for the University of Oklahoma and Cameron University for their violations of her constitutionally protected rights arising out of her employment.

## PARTIES, JURISDICTION & VENUE

1. Plaintiff is a citizen of the United States of America and a resident of Irving, Texas.

2. Defendant The State of Oklahoma ex rel. Board of Regents for the University of Oklahoma is body corporate formed under the laws of Oklahoma.

3. Defendant Cameron University is an Oklahoma state educational institution located in Lawton, Oklahoma

RECEIVED BY

JUN 07 2013

UNIVERSITY'S EXHIBIT 2
OFFICE OF
LEGAL COUNSEL

4. Plaintiff, an African-American, filed a charge of discrimination against Defendants with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff complained to the EEOC of discrimination based on her race and retaliation based upon her participation in protected activity. This Petition has been filed within ninety days (90) of her receipt of the Notice of Right to Sue. As such, Plaintiff has complied fully with all prerequisites in this Court under Title VII.

5. This action properly lies in Comanche County, State of Oklahoma as the unlawful employment practices complained of herein occurred within Comanche County, State of Oklahoma and because Defendants regularly conduct business in Comanche County, State of Oklahoma.

6. Compensatory damages are sought pursuant to 42 U.S.C. § 2000e, *et seq.* and 42 U.S.C. § 1981.

7. Punitive damages are sought pursuant to 42 U.S.C. § 1981.

8. Costs and attorneys' fees may be awarded pursuant to 42 U.S.C. § 2000e, *et seq.*

## FACTS COMMON TO ALL COUNTS

9. Plaintiff, an African-American, began her employment with Defendants as an Admission Counselor in October 2010.

10. Plaintiff was qualified to perform her job as an Admissions Counselor.

11. Throughout Plaintiff's employment she had a satisfactory work record.

12. During her employment, Defendants subjected Plaintiff to disparate treatment based upon her race, African-American.

13. Plaintiff's co-worker, Brenda Dally, repeatedly teased Plaintiff about her hair and hair extensions, asking "How do black people get their hair like that?"

UNIVERSITY'S EXHIBIT 2

14. Dally attempted to force Plaintiff to join www.ancestry.com because Dally wanted to know if Plaintiff's family were once slaves owned by Dally's family.

15. Dally repeatedly made comments about another African-American employee's marriage to a Caucasian lady. Dally further stated that she thought this African-American employee was incompetent, lazy and mean.

16. Dally asked Plaintiff if the other African-American employee was nice to her because she was "black," while rubbing Plaintiff's hand (to reiterate her skin color).

17. One of Plaintiff's co-workers, Beth Young, repeatedly stated that her son-in-law was a white supremacist. Young further informed Plaintiff that her family was racist and that interracial dating would never be tolerated.

18. Other co-workers reiterated their sentiments of intolerance towards interracial dating in Plaintiff's presence.

19. Plaintiff informed her supervisor, Zoe Durant, that she felt uncomfortable in the racially charged environment and did not appreciate the continuous comments related to her race.

20. Subsequent to informing her supervisor about the racially charged environment and continuous comments, Plaintiff received a formal disciplinary memo related to unsubstantiated complaints regarding Plaintiff's performance.

21. On March 2, 2012, Plaintiff was escorted by her supervisor to her desk, where Plaintiff was ordered to remove her belongings. When Plaintiff arrived at her desk, another employee had already removed Plaintiff's belongings and replaced them with her own.

UNIVERSITY'S EXHIBIT 2

22. In March 2012, Defendant reassigned Plaintiff, giving her a new position at a different location with substantially different responsibilities. Defendants informed Plaintiff that she could either accept the reassignment or have her employment terminated.

23. Plaintiff requested a meeting with Cameron University EEO Officer and the University President Dr. Ross.

24. After informing her supervisors, Jamie Glover and Zoe Durant, of the meetings, Defendants terminated Plaintiff's employment on or about March 2, 2012.

25. Defendants replaced Plaintiff's position with a Caucasian individual.

26. Defendants treated Plaintiff differently and less favorably than her non-African American co-workers on the basis of her race.

27. A motivating factor in Defendants' decision to discharge Plaintiff was her race.

28. Further, Defendants terminated Plaintiff's employment in retaliation for her participation in protected activity under Title VII.

## FIRST CLAIM FOR RELIEF
## DISCRIMINATION BASED ON RACE (TITLE VII)

29. Plaintiff incorporates as if realleged the preceding paragraphs.

30. By terminating Plaintiff and treating her differently than similarly-situated non-African American employees with regard to discipline, job reassignment and termination Defendants have violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a. Back pay and lost benefits; front pay until normal retirement;
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination; committed by Defendants;

   d. Her attorneys' fees and the costs and expenses of this action;
   e. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. § 1981

31. Plaintiff incorporates as if realleged the preceding paragraphs.

32. By unfairly disciplining Plaintiff, transferring her position and ultimately terminating her employment because of her race, Defendants and their agents have violated 42 U.S.C §1981.

   WHEREFORE, Plaintiff prays for judgment against Defendants for:

   a. Back pay and lost benefits; front pay until normal retirement;
   b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
   c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendants;
   d. Her attorneys' fees and the costs and expenses of this action;
   e. Such other relief as the Court deems just and equitable.

## THIRD CLAIM FOR RELIEF:
## RETALIATION IN VIOLATION OF TITLE VII

33. Plaintiff incorporates as if realleged the preceding paragraphs.

34. By terminating Plaintiff's employment in retaliation for her participation in protected activity as defined under Title VII, Defendants have violated 42 U.S.C. §2000e-3(a).

   WHEREFORE, Plaintiff prays for judgment against Defendants for:

   a. Back pay and lost benefits; front pay until normal retirement;
   b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
   c. Punitive damages for the intentional and knowing acts of discrimination; committed by Defendants;
   d. Her attorneys' fees and the costs and expenses of this action;
   e. Such other relief as the Court deems just and equitable.

**UNIVERSITY'S EXHIBIT 2**

Respectfully submitted,
**SMOLEN, SMOLEN & ROYTMAN, PLLC**

_/s/ David A. Warta_
David A. Warta, OBA #20361
701 S. Cincinnati Ave.
Tulsa, OK  74119
Telephone: (918) 585-2667
Facsimile:  (918) 585-2669
*Attorneys for Plaintiff*

**UNIVERSITY'S EXHIBIT 2**