IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CAMILLE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-13-662-M |
| | ) | |
| THE STATE OF OKLAHOMA ex rel. | ) | |
| BOARD OF REGENTS FOR THE | ) | |
| UNIVERSITY OF OKLAHOMA, and | ) | |
| ZOE DURANT, DIRECTOR OF | ) | |
| ADMISSIONS AT CAMERON | ) | |
| UNIVERSITY, in her individual and | ) | |
| official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is defendant The State of Oklahoma ex rel. Board of Regents of the University of Oklahoma's ("University") Motion to Dismiss Amended Complaint, filed September 18, 2013. On October 9, 2013, plaintiff filed her response, and on October 16, 2013, the University filed its reply.

I.  Introduction

Plaintiff, an African-American, was employed by the University from October 2010 until she was terminated on March 2, 2012. On April 16, 2013, plaintiff filed the instant action in the District Court of Comanche County, State of Oklahoma. On May 28, 2013, plaintiff filed an Amended Petition. On June 25, 2013, the University removed this action to this Court. On September 4, 2013, after being granted leave to file a Second Amended Complaint, plaintiff filed her Second Amended Complaint. In her Second Amended Complaint, plaintiff asserts the following causes of action against the University: (1) race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), (2) retaliation in violation of Title VII, (3) racial discrimination

in violation of Article II § 36A of the Oklahoma Constitution, and (4) failure to ensure a non-hostile work environment. The University now moves, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), to dismiss plaintiff's Second Amended Complaint.[1]

II.     Standard for Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671

---

[1] In her response, plaintiff concedes the dismissal of her claim under Article II of the Oklahoma Constitution, as well as her request for punitive damages as to the University.

F.3d 1188, 1192 (10th Cir. 2012). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III. Discussion

    A. Race discrimination claim

The University asserts that plaintiff fails to state a claim for race-based termination or demotion. To set forth a prima facie case of discrimination under Title VII, a plaintiff must establish that (1) she is a member of a protected class, (2) she suffered an adverse employment action, (3) she was qualified for the position at issue, and (4) she was treated less favorably than others not in the protected class. *See Khalik*, 671 F.3d at 1192 (internal citation omitted). Having carefully reviewed the Second Amended Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to the plaintiff, the Court finds that plaintiff has set forth sufficient factual allegations to state a claim for race discrimination under Title VII. Specifically, plaintiff has alleged that she is an African-American, that she was qualified to perform her job as an Admissions Counselor, that she had a satisfactory work record, that she was reassigned and her employment was ultimately terminated, that she was replaced by a Caucasian individual, and that defendants treated her differently and less favorably than her non-African American co-workers on the basis of her race. *See* Second Amended Complaint at ¶¶ 12, 13, 14, 27, 29, 30, and 31. Accordingly, the Court finds that plaintiff's race discrimination claim against the University should not be dismissed.

B.  Retaliation claim

The University also asserts that plaintiff fails to state a claim for retaliation. To set forth a prima facie case of retaliation under Title VII, a plaintiff must establish that (1) she engaged in protected opposition to discrimination, (2) a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action. *Khalik*, 671 F.3d at 1193 (internal quotations and citation omitted). Having carefully reviewed the Second Amended Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to the plaintiff, the Court finds that plaintiff has set forth sufficient factual allegations to state a claim for retaliation under Title VII. Specifically, plaintiff has alleged that she reported racially hostile comments to her supervisor, that she informed her supervisor that she felt uncomfortable in the "racially charged environment," that subsequent to informing her supervisor about the racially charged environment and continuous comments, she received a formal disciplinary memo, that she requested a meeting with the Cameron University EEO Officer and the University President, and that after informing Jamie Glover and defendant Zoe DuRant (her supervisor) of the meetings, defendants terminated her employment. *See* Second Amended Complaint at ¶¶ 19, 24, 25, 28, and 29. Accordingly, the Court finds that plaintiff's retaliation claim against the University should not be dismissed.

C.  Hostile work environment claim

Finally, the University asserts that plaintiff fails to state a claim for hostile work environment. To establish a hostile work environment claim, a plaintiff must show that her workplace was permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working

4

environment. *See MacKenzie v. City and County of Denver*, 414 F.3d 1266, 1280 (10th Cir. 2005). Having carefully reviewed the Second Amended Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to the plaintiff, the Court finds that plaintiff has set forth sufficient factual allegations to state a hostile work environment claim at this stage of the proceedings. In her Second Amended Complaint, plaintiff sets forth numerous instances of racially based statements and teasing by co-workers, *see* Second Amended Complaint at ¶¶ 17, 18, 20, 21, 22, and 23, and alleges that while her supervisor was aware of these statements and teasing, she "never took any actions whatsoever to address the racially charged environment." Second Amended Complaint at ¶ 19. While plaintiff may not ultimately prevail on her hostile work environment claim, the Court finds that plaintiff has set forth sufficient factual allegations to state a hostile work environment claim that is plausible on its face. Accordingly, the Court finds that plaintiff's hostile work environment claim should not be dismissed.

IV. Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART the University's Motion to Dismiss Amended Complaint [docket no. 16] as follows:

(A) The Court GRANTS the motion to dismiss as to plaintiff's racial discrimination claim under Article II of the Oklahoma Constitution and her request for punitive damages as to the University, and

(B) The Court DENIES the motion to dismiss as to plaintiff's Title VII race discrimination claim, Title VII retaliation claim, and hostile work environment claim.

**IT IS SO ORDERED this 28th day of October, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE