# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAMILLE BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-13-662-M |
| ) | |
| THE STATE OF OKLAHOMA ex rel. ) | |
| BOARD OF REGENTS FOR THE ) | |
| UNIVERSITY OF OKLAHOMA, and ) | |
| ZOE DURANT, DIRECTOR OF ) | |
| ADMISSIONS AT CAMERON ) | |
| UNIVERSITY, in her individual and ) | |
| official capacities, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Before the Court is defendant Zoe Durant's ("Durant") Motion to Dismiss Second Amended Complaint, filed November 27, 2013. On December 18, 2013, plaintiff filed her response, and on December 26, 2013, Durant filed her reply.

I.  Introduction

Plaintiff, an African-American, was employed by Cameron University from October 2010 until she was terminated on March 2, 2012. Durant is employed by Cameron University as the Director of Admissions and was plaintiff's direct supervisor throughout her employment. On April 16, 2013, plaintiff filed the instant action in the District Court of Comanche County, State of Oklahoma. On May 28, 2013, plaintiff filed an Amended Petition. On June 25, 2013, defendant the State of Oklahoma *ex rel.* Board of Regents for the University of Oklahoma removed this action to this Court.

On September 4, 2013, after being granted leave to file a Second Amended Complaint, plaintiff filed her Second Amended Complaint. In her Second Amended Complaint, plaintiff asserts

the following causes of action against Durant, in her individual and official capacities: (1) Violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983 ("§ 1983 Claim"), (2) racial discrimination in violation of Article II § 36A of the Oklahoma Constitution, and (3) failure to ensure a non-hostile work environment. Durant now moves, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), to dismiss all causes of action against her. In her response, plaintiff concedes the dismissal of all causes of action against Durant in her official capacity and concedes the dismissal of her causes of action for racial discrimination in violation of Article II § 36A of the Oklahoma Constitution and failure to ensure a non-hostile work environment against Durant in her individual capacity. Thus, the only cause of action remaining at issue is plaintiff's § 1983 Claim against Durant in her individual capacity.

## II. Standard for Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels

and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III. Discussion

In her motion to dismiss, Durant asserts that plaintiff's § 1983 Claim only alleges a violation of her Title VII rights, i.e., discrimination and hostile environment based on race, and does not allege a violation of any other constitutional right and, thus, contends that plaintiff's § 1983 Claim should be dismissed. "[A] plaintiff may base a section 1983 claim on actions proscribed by Title VII where those actions also violate the United States Constitution." *Polson v. Davis*, 895 F.2d 705, 710 (10th Cir. 1990) (internal quotations and citation omitted). Thus, a plaintiff must have an independent basis for claims outside of Title VII. *See Notari v. Denver Water Dep't*, 971 F.2d 585, 587 (10th Cir. 1992). Further, the Tenth Circuit has held:

> the basis for a § 1983 claim is "independent" from Title VII when it rests on substantive rights provisions *outside* Title VII – that is, when it rests on a constitutional right or a federal statutory right other than those created by Title VII. We emphasize that the basis of a § 1983 claim may be independent of Title VII even if the claims arise from the same factual allegations and even if the conduct alleged in the § 1983 claim also violates Title VII. For example, a § 1983 claim of racial discrimination is independent of a statutory disparate treatment claim arising out of the same set of facts because the § 1983 claim is substantively grounded in the Equal Protection Clause of the

3

> Fourteenth Amendment, whereas the disparate treatment claim flows from Title VII. Because the substantive legal standards that govern these claims emanate from different sources, as long as the substantive legal bases for the claims are distinct, our "independence" requirement is satisfied and Title VII does not foreclose an employment discrimination plaintiff's § 1983 claim.

*Id.* (emphasis in original).

Plaintiff's § 1983 Claim is based upon an alleged violation of the Equal Protection Clause of the Fourteenth Amendment. The substantive legal basis for plaintiff's § 1983 Claim is distinct from plaintiff's Title VII claims. Accordingly, the Court finds that plaintiff's § 1983 Claim should not be dismissed on this basis.

Durant further asserts that plaintiff's § 1983 Claim should be dismissed because plaintiff has failed to state a claim for a violation of the Equal Protection Clause. The first element that a plaintiff must show in an equal protection violation claim is that she "was intentionally treated differently from others similarly situated." *SECSYS, LLC v. Vigil*, 666 F.3d 678, 688 (10th Cir. 2012) (internal quotations and citation omitted). Accordingly, "a plaintiff must first establish that others, 'similarly situated in every material respect' were treated differently." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011) (quoting *Jicarilla Apache Nation v. Rio Arriba Cnty.*, 440 F.3d 1202, 1210 (10th Cir. 2006)).

Having carefully reviewed the Second Amended Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to the plaintiff, the Court finds that plaintiff has not set forth sufficient factual allegations to state a § 1983 claim for violation of the Equal Protection Clause. Specifically, plaintiff has not alleged any factual allegations showing that other non-African American employees were similarly situated in all material respects. Other than making the conclusory statement that she was treated differently than "similarly-situated

non-African American employees" in relation to her Title VII claim, plaintiff sets forth absolutely no factual support plausibly suggesting similarities "in all material respects." Accordingly, the Court finds that plaintiff's § 1983 Claim against Durant in her individual capacity should be dismissed.

IV. Conclusion

For the reasons set forth above, the Court GRANTS Durant's Motion to Dismiss Second Amended Complaint [docket no. 23] and DISMISSES all claims against Durant.

**IT IS SO ORDERED this 24th day of February, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE