IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CAMILLE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-13-662-M |
| | ) | |
| THE STATE OF OKLAHOMA ex rel. | ) | |
| BOARD OF REGENTS FOR THE | ) | |
| UNIVERSITY OF OKLAHOMA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is plaintiff's Memorandum in Support of Motion to Compel Production of Documents, filed July 21, 2015. On August 3, 2015, defendant State of Oklahoma ex rel. Board of Regents for the University of Oklahoma ("University") filed its response, and on August 7, 2015, plaintiff filed her reply. Based upon the parties' submissions, the Court makes its determination.

In the instant action, plaintiff, a former Admissions Counselor at Cameron University, has brought the following causes of action against the University: (1) race discrimination, (2) retaliation, and (3) hostile work environment. Plaintiff moves this Court to compel the University to produce (1) the official Cameron University job description for the Cameron University Admissions Specialist, specifically, the job description for Traci Ritchey's[1] position at the time Ms. Ritchey was hired by Cameron University, and (2) the payroll history of Traci Ritchey.

I.  Job Description

In its response, the University states that it does not have in its possession, custody, and/or control any job description for the Admissions Specialist position during the time Ms. Ritchey

---

[1] Ms. Ritchey is a former Cameron University Admissions Specialist.

worked for Cameron University, other than the February 29, 2012 memorandum entitled "Admissions Specialist Job Description" that has already been produced to plaintiff. Because the University does not have any additional job descriptions, the Court finds the University can not be compelled to produce a document it does not have. Accordingly, the Court finds that plaintiff's motion to compel should be denied as to the Admissions Specialist job description.

II.     Payroll History

Federal Rule of Civil Procedure 26(b)(1) provides, in pertinent part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

Plaintiff asserts that since the University has submitted a sworn affidavit stating the amount Ms. Ritchey was paid while she was an Admissions Specialist, the University should be required to produce the payroll history of Ms. Ritchey. The University contends that Ms. Ritchey's payroll information is irrelevant to plaintiff's claims. Having carefully reviewed the parties' submissions, the Court finds that the payroll history of Ms. Ritchey is not relevant to plaintiff's race discrimination claim, retaliation claim, or hostile work environment claim and is not reasonably calculated to lead to the discovery of admissible evidence. The relevant issue in this case is whether plaintiff was reassigned to a job with substantially similar job duties and pay to plaintiff's prior

position, not how similar plaintiff's pay was to Ms. Ritchey's pay. Accordingly, the Court finds that plaintiff's motion to compel should be denied as to Ms. Ritchey's payroll history.

III. Conclusion

For the reasons set forth above, the Court DENIES plaintiff's Motion to Compel Production of Documents [docket no. 145].

**IT IS SO ORDERED this 24th day of August, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE